UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| **KIEL HOLMES,** | **Civil Action No.:** |
| Plaintiff, | |
| | **COMPLAINT AND DEMAND** |
| vs. | **FOR JURY TRIAL** |
| **SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS, LLP; and DOES 1 through 10, inclusive,** | |
| Defendant. | |

## COMPLAINT

### I.  INTRODUCTION

1.  This is an action for actual and statutory damages brought by Plaintiff, Kiel Holmes, an individual consumer, against Defendant, Smith Debnam Narron Drake Saintsing & Myers, LLP, for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

1

## II. JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## III.    PARTIES

3.  Plaintiff, Kiel Holmes, is a natural person with a permanent residence in Columbia, Richland County, South Carolina 29203.

4.  Upon information and belief, the Defendant, Smith Debnam Narron Drake Saintsing & Myers, LLP, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 4601 Six Forks Road, Suite 400, Raleigh, Wake County, North Carolina 27609. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5.  Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.    FACTUAL ALLEGATIONS

6.  The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the

money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7.  Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to place a lien on Plaintiff's grandmother's home.

8.  Defendant has no standing to commence lien proceedings on behalf of the creditor.

9.  Defendant is a debt collection company and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in a lien.

10.  The representations made to Plaintiff by Defendant regarding the lien were false.

11.  Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to take legal action against Plaintiff.

12.  Defendant has no standing to commence legal proceedings on behalf of the creditor.

13.    Defendant is a debt collection company and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings.

14.    The representations made to Plaintiff by Defendant regarding legal proceedings were false.

15.    The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

16.    The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

17.    The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

18.    Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

### V.  CLAIM FOR RELIEF

19.    Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

20.  Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

(a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(b) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hearer or reader in connection with the collection of an alleged debt; and

(c) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(d) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the seizure of any property or wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

(e) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(f) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection of the alleged debt; and

(g) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

21.  Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

22.  As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Kiel Holmes, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Smith Debnam Narron Drake Saintsing & Myers, LLP, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages.

D. Costs and reasonable attorney fees.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE that Plaintiff, Kiel Holmes, demands trial by jury in this action.

DATED: June 11, 2013

RESPECTFULLY SUBMITTED,

By: /s/ Chauntel Bland
Chauntel Bland, Esq.
463 Regency Park Drive
Columbia SC 29210
Phone: (803) 319-6262
Fax: (866) 322-6815
chauntel.bland@yahoo.com
*Attorney for Plaintiff,*
*Kiel Holmes*

7